1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUCAS OSBORNE,

                Plaintiff,

      v.

CLARK COUNTY SHERIFF'S
OFFICE, CLARK COUNTY JAIL,
MIKE ANDERSON, DARLING,
ADDIE, WOLF, ROBERT LEWIS, R
TYRELL, ASHWORTH, CLARK
COUNTY COURTS,

                Defendants.

CASE NO. 3:16-CV-05307-BHS-DWC

ORDER GRANTING MOTION TO
AMEND AND DIRECTING
PLAINTIFF  TO FILE AN AMENDED
COMPLAINT

Plaintiff Lucas Osborne, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. On May 13, 2016, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis*, and Plaintiff's Complaint was filed. *See* Dkt. 8, 9. Prior to the Court screening Plaintiff's Complaint, he filed a Proposed Motion to Amend (Dkt. 7) and his First Amended Complaint (Dkt. 10). Both the Proposed Motion to Amend and the First Amended Complaint contain different allegations. *See* Dkt. 7, 10.[1]

---

[1] Plaintiff's First Amended Complaint acts as a complete substitute for his original Complaint and will be considered as the operative complaint in this case.

1    Having reviewed and screened Plaintiff's First Amended Complaint under 28 U.S.C. §

2    1915A, the Court declines to serve the First Amended Complaint. However, the Court grants

3    Plaintiff's Proposed Motion to Amend and provides Plaintiff leave to file an amended pleading

4    by June 24, 2016.

5    **BACKGROUND**

6    Plaintiff, who is currently incarcerated at Clark County Jail, alleges his First and

7    Fourteenth Amendment rights were violated. Dkt. 10. Specifically, Plaintiff contends his rights

8    were violated when Defendant Corrections Officer Darling gave Plaintiff a verbal infraction and

9    suspended his use of the telephone. *Id.* at p. 3. Plaintiff also alleges Corrections Officer Josh

10   Trover opened Plaintiff's legal mail outside Plaintiff's presence and Defendants Sergeant Wolf

11   and Sergeant Asworth refused to give Plaintiff mail sent by Mrs. Osborne, the Osborne boys and

12   Desiree Moreno. *Id.* Plaintiff moves to amend his Complaint to add "Johnson" as a defendant,

13   because Johnson stated there was no hearing scheduled regarding Plaintiff's telephone rights.

14   Dkt. 7. Plaintiff also names Defendants Clark County Sheriff's Office, Clark County Jail, Deputy

15   Jail Chief Richard Bishop, and Jail Administrators Robert Lewis, Tyrell R., and Mike Anderson

16   in his First Amended Complaint, but does not include allegations in the body of the First

17   Amended Complaint against these Defendants. *See* Dkt. 10.

18   **DISCUSSION**

19   Under the Prison Litigation Reform Act of 1995, the Court is required to screen

20   complaints brought by prisoners seeking relief against a governmental entity or officer or

21   employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

22   complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

23   state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

24

ORDER GRANTING MOTION TO AMEND AND
DIRECTING PLAINTIFF  TO FILE AN
AMENDED COMPLAINT - 2

1    who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

2    152 F.3d 1193 (9th Cir. 1998).

3           In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

4    suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

5    the violation was proximately caused by a person acting under color of state law. *See Crumpton*

6    *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

7    identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

8    (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

9    named defendants caused, or personally participated in causing, the harm alleged in the

10   complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

11   **I.      Telephone Privilege**

12          A.    <u>First Amendment Telephone Access</u>

13          "Prisoners have a First Amendment right to telephone access, subject to reasonable

14   security limitations." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) *amended by* 135 F.3d

15   1318 (9th Cir. 1998). Here, Plaintiff alleges Defendant Darling verbally suspended Plaintiff from

16   using the telephone for three days without a hearing. Dkt. 10, p. 3. Plaintiff also states Defendant

17   Addie informed Plaintiff his telephone privileges were suspended because Plaintiff received new

18   charges. *Id.* Defendants Wolf and Asworth allegedly will not restore Plaintiff's telephone

19   privileges. *Id.*

20          Plaintiff has not shown how he was harmed as a result of three days without telephone

21   privileges, nor has he alleged facts showing he was denied total access to the telephones. For

22   example, Plaintiff does not allege he was unable to call his attorney or make an emergency call if

23   needed. *See Keenan*, 83 F.3d at 1092 (finding the plaintiff's allegations insufficient when he did

24

ORDER GRANTING MOTION TO AMEND AND
DIRECTING PLAINTIFF TO FILE AN
AMENDED COMPLAINT - 3

1   not specify whether the alleged denial of telephone access was total, partial, or even occasional,

2   and did not allege that he was denied access for a specific emergency or call to his lawyer on an

3   occasion when he had a specific need). To proceed on this claim, Plaintiff must file an amended

4   complaint alleging specific facts showing how suspension of his telephone privileges for three

5   days violated his constitutional rights.

6        B.   Fourteenth Amendment Due Process Right to a Hearing

7        Plaintiff also alleges his Fourteenth Amendment due process rights were violated when

8   he did not have a hearing when his telephone privileges were suspended. Dkt. 10. The due

9   process guarantees of the Fourteenth Amendment "apply only when a constitutionally protected

10  liberty or property interest is at stake." *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993). In

11  *Sandin v. Connor*, 515 U.S. 472 (2003), the Supreme Court makes it clear the "focus of the

12  liberty interest inquiry is whether the challenged condition imposes an atypical and significant

13  hardship on the inmate in relation to the ordinary incidents of prison life." *Jackson v. Carey*, 353

14  F.3d 750, 755 (9th Cir. 2003). The loss of telephone privileges does not "present a dramatic

15  departure from the basic conditions" of prison life. *Mahon v. Prunty*, 87 F.3d. 1320 (9th Cir.

16  1996) (internal quotations omitted); *see Gallagher v. City of Winlock, Wash.*, 87 Fed. Appx. 568,

17  576 n. 7 (9th Cir. 2008).

18       As the loss of telephone privileges is not a dramatic departure for the basic conditions of

19  prison life, Plaintiff has not shown a protected liberty or property interest is at stake.

20  Accordingly, Plaintiff must show cause why a due process claim regarding the loss of his

21  telephone privileges should not be dismissed.

22

23

24

ORDER GRANTING MOTION TO AMEND AND
DIRECTING PLAINTIFF TO FILE AN
AMENDED COMPLAINT - 4

1    **II.     Correspondence**

2         Prisoners have a First Amendment right to send and receive mail. *Witherow v. Paff*, 52

3    F.3d 264, 265 (9th Cir. 1995); *see e.g. Prison Legal News v. Cook*, 238 F.3d 1145, 1152 (9th Cir.

4    2001) (prisoners have a "constitutionally protected right" to receive a nonprofit organization's

5    newsletter). However, a prison may adopt regulations which impinge on an inmate's

6    constitutional rights if the regulations are "reasonably related to legitimate penological interests."

7    *Turner v. Safley,* 482 U.S. 78, 89 (1987); *see Witherow v. Crawford*, 468 F.Supp.2d 1253 (D.

8    Nev. 2006) (finding prison officials are permitted to censor incoming mail for legitimate

9    penological reasons). Legitimate penological interests include "security, order, and

10   rehabilitation." *Procunier v. Martinez*, 416 U.S. 396, 413 (1974). For example, based on security

11   concerns, officials may prohibit correspondence between inmates. *See Turner*, 482 U.S. at 93.

12        A.  Personal Correspondence

13        Plaintiff alleges Defendants Wolf and Asworth refused to give Plaintiff his incoming mail

14   from Mrs. Osborne, the Osborne boys, and Desiree Moreno. Dkt. 10. As Plaintiff has a right to

15   receive mail, the Court concludes he has successfully alleged his First Amendment rights were

16   violated when Defendants Wolf and Asworth refused to give Plaintiff his personal mail. To

17   proceed on this claim, Plaintiff must re-allege this claim in the second amended complaint.

18        B.  Legal Correspondence

19        Plaintiff also alleges Defendant Trover opened his legal mail outside Plaintiff's presence.

20   Dkt. 10. Specific restrictions on prisoner legal mail have been approved by the Supreme Court

21   and Ninth Circuit. For example, prison officials may not review outgoing legal mail for legal

22   sufficiency before sending the mail to the court. *See Ex Parte Hull*, 312 U.S. 546, 549 (1941).

23   Prison officials may, however, require mail from attorneys be identified as such and open such

24

ORDER GRANTING MOTION TO AMEND AND
DIRECTING PLAINTIFF  TO FILE AN
AMENDED COMPLAINT - 5

1 mail in the presence of the prisoner for visual inspection. *See Wolff v. McDonnell*, 418 U.S. 539,

2 576-77 (1974); *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981). Incoming mail from

3 from the prisoner's attorney is not considered "legal mail", but incoming mail from the courts is

4 "legal mail". *See Keenan*, 83 F.3d at 1094.

5         Whether legal mail may be opened outside the inmate's presence, however, is an open

6 question in the Ninth Circuit. In *Sherman*, the Ninth Circuit found "[t]he law in at least three

7 circuits is that mail from attorneys may not be opened out of the presence of the addressee." 656

8 F.2d at 528. The Ninth Circuit stated it has "not yet decided the issue." *Id.* However, the Ninth

9 Circuit has held an isolated instance or occasional opening of legal mail outside an inmate's

10 presence does not rise to the level of a constitutional violation. *See Stevenson v. Koskey*, 877

11 F.2d 1435, 1441 (9th Cir. 1989).

12         Here, Plaintiff alleges his "legal mail" was opened outside his presence on three

13 occasions. Dkt. 10, p. 3. Plaintiff does not explain the nature of each piece of mail. *See id.* at pp.

14 3-7. For example, Plaintiff does not state if the legal mail was privileged communications from

15 his attorney, a letter or document from the court system, or some other mail Plaintiff considers to

16 be "legal." Additionally, Plaintiff does not allege how he was harmed by the opening of his

17 "legal mail," e.g. violation of his right of access to courts, violation of Sixth Amendment right to

18 an attorney. The Court also notes it is not clearly established in this circuit whether prison

19 officials may visually inspect legal mail outside the presence of an inmate. *See Russo v. Reyes*,

20 11 Fed. Appx. 874, *1 (9th Cir. 2001).

21         Plaintiff must file an amended complaint sufficiently alleging his rights were violated

22 when Defendant Trover opened Plaintiff's legal mail outside Plaintiff's presence and show cause

23 why this claim should be allowed to proceed.

24

ORDER GRANTING MOTION TO AMEND AND
DIRECTING PLAINTIFF TO FILE AN
AMENDED COMPLAINT - 6

### III.     Personal Participation

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff names Deputy Jail Chief Richard Bishop and Jail Administrators Robert Lewis, Tyrell R., and Mike Anderson as Defendants in this action, but fails to state how these four Defendants participated in the alleged constitutional violations. *See* Dkt. 9, pp. 1-3. The Court notes these four Defendants appear to hold supervisory positions. *See id*. Plaintiff cannot bring a § 1983 action against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

If Plaintiff wishes to pursue a § 1983 action against Defendants Bishop, Lewis, Tyrell R., and Anderson, he must provide a short, plain statement explaining exactly what each of these four Defendants did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

### IV.     Clark County Defendants

Plaintiff names Clark County Sheriff's Office and the Clark County Jail as Defendants in this action. Dkt. 10. Plaintiff has not stated any facts against these two Defendants in the body of his First Amended Complaint. *Id.*

1      Neither the Clark County Sheriff's Office nor the Clark County Jail are legal entities

2   capable of being sued under § 1983. Rather, Clark County, a municipality, would be the proper

3   Defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct.

4   2018, 56 L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2

5   (W.D. Wash. April 26, 2016). To set forth a claim against a municipality, a plaintiff must show

6   the defendant's employees or agents acted through an official custom, pattern, or policy

7   permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity

8   ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a

9   constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate

10   indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind

11   the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

12      Plaintiff has not named Clark County as a defendant or alleged facts against Clark

13   County showing it is liable. *See* Dkt. 10. For example, Plaintiff does not identify a policy,

14   custom, or pattern implemented by Clark County which resulted in the depravation of his

15   constitutional right. If Plaintiff seeks to sue Clark County, he must name Clark County as a

16   defendant and allege facts sufficient to meet the required elements of a claim against a

17   municipality and show Clark County violated his constitutional rights.

18   **V.      Motion to Amend**

19      Plaintiff filed a Motion to Amend, wherein he asked to add "Johnson" as a defendant

20   because Johnson allegedly told Plaintiff there was no hearing scheduled for his loss of telephone

21   privileges. Dkt. 7. Essentially, Plaintiff is alleging Johnson violated his due process rights.

22      Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

23          (1) *Amending as a Matter of Course*
            A party may amend its pleading once as a matter of course within:

24

ORDER GRANTING MOTION TO AMEND AND
DIRECTING PLAINTIFF TO FILE AN
AMENDED COMPLAINT - 8

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Here, Plaintiff's Complaint has not been served. Therefore, Plaintiff's Motion to Amend is granted and Plaintiff is allowed to amend his Complaint. However, Plaintiff is attempting allege Johnson violated his due process rights because he notified Plaintiff no hearing was scheduled for the loss of telephone privileges. *See* Dkt. 7. As discussed above, Plaintiff does not have a right to a hearing based on the loss of his telephone privileges. *See* Section I, *supra*. Therefore, if Plaintiff adds Johnson in his second amended complaint, he must sufficiently plead facts showing Johnson violated Plaintiff's constitutional rights.

## VI.   Instructions to Plaintiff and Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a second amended complaint and within the second amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Complaint or First Amended Complaint by reference. The second amended complaint will act as a complete substitute for the original Complaint and First

1   Amended Complaint, and not as a supplement. The Court will screen the second amended

2   complaint to determine whether it contains factual allegations linking each defendant to the

3   alleged violations of Plaintiff's rights. The Court will not authorize service of the amended

4   complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

5        If Plaintiff fails to file a second amended complaint or fails to adequately address the

6   issues raised herein on or before June 24, 2016, the undersigned will recommend dismissal of

7   this action as frivolous pursuant to 28 U.S.C. § 1915.

8        The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

9   civil rights complaint.

10        Dated this 25th day of May, 2016.

11

12                              David W. Christel

13                              United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION TO AMEND AND
DIRECTING PLAINTIFF  TO FILE AN
AMENDED COMPLAINT - 10