UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUCAS OSBORNE,<br><br>    Plaintiff,<br><br>    v.<br><br>CLARK COUNTY SHERIFF'S OFFICE, CLARK COUNTY JAIL, MIKE ANDERSON, ADDIE, WOLF, ROBERT LEWIS, ASHWORTH, RICHARD BISHOP, KIM BELTRAN, JASON POE, JOE BARNETT, RANDY TANGEN, PAUL DOUGHER,<br><br>    Defendants. | CASE NO. 3:16-CV-05307-BHS-DWC<br><br>ORDER |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff Lucas Osborne's Motion Requesting Appointed Counsel ("Motion"). Dkt. 20. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th

Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motion, he states he is housed at a prison work camp which does not have legal resources. Dkt. 20. He also states he has no experience in the legal field and has no income. *Id.* At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. *See* Dkt. 13. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court or shown he is likely to succeed on the merits of his case. Further, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). Accordingly, Plaintiff's Motion is denied without prejudice.

Dated this 1st day of September, 2016.

David W. Christel
United States Magistrate Judge