# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

LUCAS OSBORNE,

    Plaintiff,

v.

CLARK COUNTY SHERIFF'S OFFICE, et al.,

    Defendants.

CASE NO. 3:16-CV-05307-BHS-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Lucas Osborne to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff's "Motion for Leave to File and Amend and Strike All Current Dates and Add New Trial and Discovery Dates" ("Motion"). Dkt. 39. Plaintiff seeks leave to file an amended complaint and requests the Court grant an extension of time to respond to Defendants' Motion for Summary Judgment, if the Court does not give him leave to amend. *Id*.

The Court concludes allowing Plaintiff to file an amended complaint will cause undue delay and prejudice, and therefore the Motion is denied. However, the Court provides Plaintiff with an extension of time to file a response to Defendants' Motion for Summary Judgment. Plaintiff's response to Defendants' Motion for Summary Judgment is due on or before October 24, 2017. Defendants' reply is due on or before October 27, 2017 and the Motion for Summary Judgment is re-noted for October 27, 2017.

## I. Background

In the Amended Complaint, Plaintiff alleges his constitutional rights were violated when he was denied phone privileges and then denied a hearing regarding his loss of phone privileges. Dkt. 13. He also contends he was denied personal mail. *Id*. In the Motion, Plaintiff seeks to remove Defendants Clark County Sheriff's Office, Clark County Jail, Judge Robert Lewis, R. Tyrell, Officer Darling, Sergeant Wolf, and Sergeant Ashworth and add Clark County, the City of Vancouver, and Detective Sandra Aldridge as defendants. Dkt. 38.

Plaintiff initiated this lawsuit on April 22, 2016. Dkt. 1. He filed the Amended Complaint on June 13, 2016. Dkt. 13. On July 26, 2016, the Court entered a Pretrial Scheduling Order, setting a discovery deadline and a dispositive motion deadline. Dkt. 19. After the Court granted an extension of time, the discovery period ended on April 25, 2017 and dispositive motions were due on or before May 26, 2017. Dkt. 26. On May 24, 2017, Defendants filed a Motion for Summary Judgment. Dkt. 33. Plaintiff signed – effectively filing – the Motion on June 30, 2017. Dkt. 38. Defendants filed a Response on July 18, 2017, requesting the Court deny the Motion. Dkt. 39.

## II. Discussion

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) *Amending as a Matter of Course*
A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*
In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

As Plaintiff filed an Amended Complaint and the time has expired for filing an amendment as a matter of course, Plaintiff cannot amend pursuant to Rule 15(a)(1). *See* Dkt. 13, 18. Further, Defendants have not provided written consent allowing Plaintiff to amend. *See* Dkt. 39. Thus, to amend the Amended Complaint, Plaintiff must have the Court's leave. *See* Fed.R.Civ.P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed.R.Civ.P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). Plaintiff's Motion causes both undue delay and prejudice.

First, "[r]elevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). The Ninth Circuit has noted "late amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). "Courts have [also] found undue delay weighing against granting leave to amend where a motion for leave to amend is filed near or after the close of discovery." *Ewing v. Megrdle*, 2015 WL 1519088, *4 (C.D. Cal. March 26, 2015) (summarizing Ninth Circuit cases affirming denials of motions to amend due to undue delay when the motions were filed near or after the close of discovery).

At the time of filing his Complaint and Amended Complaint, Plaintiff was or should have been aware of the facts surrounding the allegations contained in his Motion. Plaintiff was put on notice by the Court in May of 2016, prior to filing the Amended Complaint, a municipality is the proper defendant when alleging constitutional violations committed by an agency of a county or city. Dkt. 12. Therefore, Plaintiff was on notice for more than a year that Clark County and the City of Vancouver would be proper defendants in this case. Additionally, it appears Plaintiff was aware of the claims against Detective Aldridge in April of 2016. *See* Dkt. 38, pp. 7-8; Dkt. 39. Plaintiff provides no explanation as to why he waited over a year to move to add three additional defendants. Moreover, Plaintiff's Motion was not filed until two months after the close of discovery. *See* Dkt. 26. Allowing Plaintiff to amend his Amended Complaint at this date would cause undue delay.

Second, allowing Plaintiff to amend his Amended Complaint will prejudice the current and proposed opposing parties. Plaintiff is attempting to remove several defendants and add three new defendants. *See* Dkt. 38. Plaintiff's original Complaint and Amended Complaint failed to identify the three proposed defendants or state facts which give rise to the assertions contained in this Motion. *See* Dkt. 9, 13. Plaintiff requests time to investigate his claims. Dkt. 38. This would require additional discovery and require the discovery period to be reopened. The proposed defendants will be joining the litigation after the discovery period and deadline for filing dispositive motions expired, causing added time and expenses for current Defendants. Therefore, allowing Plaintiff to amend his Amended Complaint will cause prejudice to the current and proposed opposing parties. *See Jackson*, 902 F.2d at 1387; *Acri*, 781 F.2d at 1398-99 (affirming denial of leave to amend and holding the district court did not abuse its discretion in concluding that allowing an amendment would prejudice the defendant because of the necessity for further

discovery); *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.") (*cited by Jackson*, 902 F.2d at 1387).

Allowing Plaintiff to amend the Amended Complaint will cause undue delay and prejudice to the current Defendants and the three proposed defendants; therefore, Plaintiff's request to amend his complaint (Dkt. 38) is denied. If Plaintiff wishes to withdraw claims against any named Defendants he may do so in his response to Defendants' Motion for Summary Judgment or in a separately filed motion.

Plaintiff requests an extension of 120 days to respond to Defendants' Summary Judgment Motion if he is denied leave to amend. *See* Dkt. 38. Plaintiff states he will be released from incarceration on September 24, 2017 and cannot review evidence, which is on disc, until he is released. *Id*. Defendants did not directly respond to Plaintiff's request for an extension of time. *See* Dkt. 39. After reviewing the relevant record, the Court finds an extension of time to respond to Defendants' Motion for Summary Judgment is warranted. Plaintiff shall have until October 24, 2017 to file a response to Defendant's Motion for Summary Judgment. Defendants' reply to Plaintiff's response shall be filed on or before October 27, 2017.

The Clerk is directed to re-note Defendants' Motion for Summary Judgment (Dkt. 33) for October 27, 2017.

Dated this 28th day of August, 2017.

David W. Christel
United States Magistrate Judge