UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUCAS OSBORNE,

            Plaintiff,

   v.

CLARK COUNTY SHERIFF'S OFFICE, et al.,

            Defendants.

CASE NO. 3:16-CV-05307-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: December 15, 2017

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Lucas Osborne, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on April 22, 2016. Presently pending before the Court is Defendants' Motion for Summary Judgment ("Defendants' Motion"). Dkt. 33.

Plaintiff alleges that his First and Fourteenth Amendment protections were violated when Defendants suspended his telephone privileges and when Defendants tampered with both his personal and legal mail. However, the suspension of his telephone privileges was a reasonable security limitation that did not violate his First Amendment rights. Further, Plaintiff has no

REPORT AND RECOMMENDATION - 1

liberty interest in his telephone privileges making the Fourteenth Amendment inapplicable here. Finally, he has not exhausted his administrative remedies with regard to his mail tampering claims. Therefore, the Court recommends that Defendant's Motion be granted and Plaintiff's action be dismissed.

**BACKGROUND**

Plaintiff is a former inmate who has been released from custody since filing his original complaint. Dkt. 43. He was housed at the Clark County Jail when he filed his complaint. Dkt. 9. Plaintiff filed a Motion to Amend Complaint (Dkt. 7), which the Court granted (Dkt. 12). Plaintiff subsequently filed an Amended Complaint alleging his First, Sixth, and Fourteenth Amendment rights were violated while he was housed at the Clark County Jail. Dkt. 13. He claimed his telephone privileges were suspended for 75 days and, during those 75 days, the only person he was allowed to contact by phone was his attorney. *Id*. at 3. Plaintiff also alleges Judge Robert Lewis, a Clark County Superior Court Judge, violated his constitutional rights when he refused to lift the suspension on Plaintiff's telephone privileges. *Id*.

Defendants filed Defendants' Motion, claiming the undisputed facts did not amount to any constitutional violations and Defendants were therefore entitled to judgment as a matter of law. Dkt. 33. Plaintiff did not file a Response and Defendants filed a Reply, noting that though a failure to respond by Plaintiff is not an admission that Defendants' Motion has merit, it allows the Court to accept Defendants' uncontradicted factual allegations. Dkt. 42 at 2 (citing *John v. City of El Monte*, 505 F.3d 901, 912 (9th Cir. 2007)).

**STANDARD OF REVIEW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." A party asserting a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (*citing Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).

As both parties move for summary judgment, both parties have the initial burden to demonstrate no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Mere disagreement or the bald assertion stating a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (*quoting Anderson*, 477 U.S. at 290); *see also California Architectural Building Products, Inc.*, 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]" Fed R. Civ. P. 56(e)(3).

**DISCUSSION**

In order to recover pursuant to 42 U.S.C. § 1983, a plaintiff must prove: (1) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

**I.    Loss of Telephone Privileges**

*A.  First and Fourteenth Amendment Allegations*

Plaintiff first alleges his First and Fourteenth Amendment protections were infringed when Defendants restricted Plaintiff's access to the telephone following an infraction while he was in custody. "Prisoners have a First Amendment right to telephone access, subject to

reasonable security limitations." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) *amended by* 135 F.3d 1318 (9th Cir. 1998); *see also Valdez v. Rosenbaum*, 302 F.3d 1039, 1048-49 (9th Cir. 2002) (holding restriction of telephone privileges was justified in interest of protecting an ongoing investigation). In addition, the Fourteenth Amendment applies "only when a constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993). The "focus of the liberty interest inquiry is whether the challenged condition imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). Further, the Ninth Circuit has held that Washington has no statute or similar provision investing inmate phone calls with a liberty interest. *Gallagher v. City of Winlock, Wash.*, 187 Fed. Appx. 568, 576 n. 7 (9th Cir. 2008).

Plaintiff's telephone privileges were suspended for two weeks for failure to hang up on a phone call when the prison was entering lockdown. Dkt. 35 at 3, 42. The suspension was extended after police discovered Plaintiff had been using both his own and other inmates' phone accounts to contact a domestic violence victim in violation of a no-contact order. Dkts. 34 at 15-16; Dkt. 35 at 4-5, 45. He committed 23 violations before his phone privileges were suspended. Dkt. 35 at 45. Clark County Superior Court Judge Robert Lewis denied Plaintiff's motion for access to the telephone except to contact his attorney. Dkt. 34 at 18. His privileges were restored on June 3, 2016. Dkt. 35 at 5.

Here, Plaintiff has not demonstrated his First Amendment protections were violated when his telephone privileges were revoked. Plaintiff's telephone privileges were originally restricted for two weeks after he refused to hang up the phone during a lockdown. Though Plaintiff retains a First Amendment interest in access to a telephone, that interest is subject to reasonable security

limitations. Temporary suspension of telephone privileges related to disciplinary action is such a reasonable limitation and does not violate the First Amendment. *See Cox v. Ashcroft*, 603 F. Supp. 2d 1261, 1270 (E.D. Cal. 2009) (holding "[a] 30-day suspension of telephone privileges related to disciplinary action does not amount to a First Amendment violation"). Further, Plaintiff's telephone suspension was only extended beyond the original two weeks when it was discovered he had been using his privileges to violate a no-contact order with a domestic violence victim. Continuing his phone privilege suspension in this instance is similarly a reasonable limitation on Plaintiff's rights and similarly does not violate his First Amendment protections. Because of this, neither prison staff nor Judge Lewis infringed on Plaintiff's First Amendment protections when they suspended his telephone privileges.

Plaintiff's Fourteenth Amendment protections were also not infringed when his telephone privileges were suspended. As noted above, the Fourteenth Amendment can attach to privileges in prison when those privileges enjoy a liberty interest. Here, there is no liberty interest in telephone privileges. Washington has provided no statute guaranteeing a prisoner access to telephones and prison policy has not provided for such a right. *See Gallagher*, 187 Fed. Appx. at 576 n. 7 Because of this, Plaintiff's telephone privileges do not enjoy a liberty interest. Therefore, they are not protected by the Fourteenth Amendment here. Defendants did not violate Plaintiff's First or Fourteenth Amendment protections. Thus, the Court recommends Defendants' Motion be granted and Plaintiff's action dismissed.

### B. *Sixth Amendment Allegations*

Plaintiff also alleges that his Sixth Amendment protections were violated when his telephone privileges were restricted. The Sixth Amendment to the United States Constitution provides all defendants in criminal prosecutions "the right to a speedy and public trial," as well

as the right to be informed of the charges against him, to confront witnesses against him, to have process to procure favorable witnesses, and to have assistance of counsel in his defense. U.S. CONST. amend. VI. Here, Plaintiff has not explained how the suspension of his telephone privileges infringed any of these guarantees. Because of this, Plaintiff has not raised a claim under the Sixth Amendment. Therefore, the Court recommends granting Defendants' Motion with respect to Plaintiff's Sixth Amendment claims.

## II.     Alleged Tampering with Legal and Personal Mail

Plaintiff also alleges that his personal mail was withheld and that his legal mail was opened when he was not present to witness the opening. Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first exhaust all available administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The mere fact a plaintiff has filed an initial grievance under a prison's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust *all* levels of an available grievance procedure before he can initiate litigation. *See id.* at 736-41; *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to suit. *Id.* at 741. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Failure to exhaust administrative remedies is properly brought as a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Once the defendant proves there

was an available administrative remedy and the offender failed to exhaust the available remedy, the burden shifts to the plaintiff. The plaintiff must show there was something about his particular claim which made the "existing and generally available administrative remedies effectively unavailable to him." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (*citing Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

Plaintiff alleges his mail was unlawfully tampered with. Plaintiff filed a grievance explaining he believed that his personal mail was being held unlawfully by prison staff. Dkt. 35 at 28-29. He later filed another grievance explaining that his legal mail had been opened without him present in violation of his rights. *Id*. at 39-40. However, he only brought these grievances at level 1 and failed to appeal the grievances to any higher levels. *Id*. at 28-29, 39-40.

Here, Plaintiff has not properly exhausted his administrative remedies pertaining to his mail claims. Plaintiff did avail himself of his administrative remedies when he filed the two grievances. However, he did not exhaust these remedies when he neglected to appeal the grievance outcomes past the first level. As noted above, the filing of a grievance does not show Plaintiff exhausted; rather, he must exhaust all levels of available review in order to properly exhaust under PLRA. *Booth*, 532 U.S. at 739. Further, Plaintiff has not explained what, if anything, made the existing administrative remedy unavailable to him, thereby justifying his failure to exhaust. Indeed, the record indicates that Plaintiff contemplated, but ultimately decided against, continuing the grievance process to its conclusion. Dkt. 34 at 28. Because of this, Plaintiff's claims regarding his mail has not been properly exhausted. Therefore, the Court recommends this claim be dismissed.

### III. Improper Defendants

Plaintiff also names the Clark County Sheriff's Department, Clark County Jail, and Clark County Courts as Defendants in his action. 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. However, for the purposes of § 1983, a state is not a "person." *See Arizonans for Official English v. Arizone*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, an agency that is an arm of the state is also not a "person" under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Alabama v. pugh* 438 U.S. 781, 782 (1978) (per curiam) (concluding that the suit against the state Board of Corrections was barred by the Eleventh Amendment).

Municipalities are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, "[i]n order to bring an appropriate action challenging the actions, policies[,] or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleges violation occurred." *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008) (citing *Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (1990)); *see also Perryman v. City of Seattle Police*, 2017 WL 2289070, at *1 n.1 (W.D. Wash. 2017).

Here, the three Defendants noted above are not properly named in this action. Plaintiff has named the Clark County Sheriff's Department, the Clark County Jail, and the Clark County Courts as Defendants. As noted above, the county, not the particular department, is the appropriate party. However, in challenging the actions of these local government units, Plaintiff has failed to name Clark County itself as the Defendant. Because of this, Plaintiff has named these three Defendants improperly. Therefore, the Court recommends those three Defendants be dismissed.

Further, even if Plaintiff had properly named Clark County as a Defendant, he would not be able to recover. A municipality can only be held liable under § 1983 if there is in fact some underlying unconstitutional conduct. *Exendine v. City of Sammamish*, 275 Fed. Appx. 596, 598 (9th Cir. 2008). However, as noted in sections I and II *supra*, Plaintiff has not shown his constitutional protections were violated. Because of this, the municipalities could not be held liable even if they were properly named. Therefore, the Court recommends dismissing of these three defendants.

### IV. Immunity Defense

The Court finds that Defendants have not infringed on Plaintiff's First, Sixth, or Fourteenth Amendment protections. Therefore, the Court declines to determine whether Defendants are entitled to qualified immunity as urged in Defendants' Motion. Dkt. 33 at 18-23.

## CONCLUSION

Plaintiff has not demonstrated his First or Fourteenth Amendment protections were violated when his telephone privileges were suspended. He has also failed to exhaust his administrative remedies for his mail claims and has improperly named three arms of local government as Defendants. Because of this, taking the undisputed facts in the light most favorable to Plaintiff, Defendants are entitled to judgment as a matter of law. Therefore, the Court recommends granting Defendants' Motion (Dkt. 33) and dismissing Plaintiff's action in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on December 15, 2017 as noted in the caption.

Dated this 29th day of November, 2017.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11